# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD MUHAMMAD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-247 CAS |
| | ) | |
| THE WILKINS GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on defendant The Wilkins Group, Inc.'s ("defendant") motion for summary judgment. Plaintiffs oppose the motion and it is fully briefed. For the following reasons, the motion will be granted in part and denied in part.

**Background**

Plaintiffs were employed as cable technicians (installers) for defendant. Plaintiffs claim that defendant retaliated against them for "whistle-blowing" to the United States Department of Labor about defendant's alleged failure to pay overtime compensation, by failing them to provide them with access to a working vehicle to perform his job responsibilities. This is the third lawsuit plaintiffs have filed against defendant, alleging various related claims. Defendant asserts that plaintiffs' complaint asserts claims only under the Fair Labor Standards Act, 29 U.S.C. §§ 101, et seq. ("FLSA"), and that those claims are time barred.

**Summary Judgment Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the

information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004).

In reviewing a motion for summary judgment, this Court is required to view the facts in a light most favorable to the non-moving party and to give the non-moving party the benefit of any

inferences that can logically be drawn from those facts. Matsushita, 475 U.S. at 587; Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). Moreover, this Court is required to resolve all conflicts in favor of the non-moving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment.

**Facts**

1. Plaintiff Donald Muhammad performed work for defendant as a cable technician from November 2003 to December 2005.

2. Plaintiff Timothy Muhammad performed work for Defendant as a cable technician from approximately March 2004 to December 2005, with a period of time between spring of 2005 until September 2005 where he was a lead technician/field supervisor.

3. Plaintiff Donald Muhammad alleges that because of his "whistle-blowing to the Department of Labor" defendant retaliated against him by not letting him have access to a working vehicle.

4. December 1, 2005, was the last date plaintiff Donald Muhammad performed any work for defendant because this was when defendant allegedly stopped providing him with a working vehicle to perform his cable technician job responsibilities.

5. Plaintiff Timothy Muhammad alleges that because of his "whistle-blowing to the Department of Labor" defendant also retaliated against him by not letting him have access to a working vehicle.

6. Sometime in "early December 2005" was the last time plaintiff Timothy Muhammad performed work for defendant because this was when defendant allegedly stopped providing him with a working vehicle to perform his cable technician job responsibilities.

7. Plaintiffs filed this instant action in the Circuit Court of St. Louis City, Missouri, on January 14, 2009, and defendant removed to this Court on February 13, 2009.

8. The action was originally filed on April 4, 2006 in the United States District Court for the Eastern District of Missouri, asserting violations of the FLSA for defendant's alleged failure to pay plaintiffs for overtime work. The action was styled Donald Muhammad and Tim Muhammad v. The Wilkins Group, Inc., No. 4:06-CV-576 CAS ("Muhammad I").

9. Plaintiffs voluntarily dismissed Muhammad I without prejudice on February 20, 2007.

10. Plaintiffs filed a petition against defendant on March 7, 2007, in the Circuit Court of the City of St. Louis, State of Missouri, styled Donald Muhammad and Tim Muhammad v. The Wilkins Group, Inc., Cause No. 0722-CC00812 ("Muhammad II"). The petition in Muhammad II alleged that defendant (1) retaliated against plaintiffs in violation of Missouri Revised Statutes § 287.780 for plaintiffs' alleged whistle-blowing to the United States Department of Labor concerning non-compliance with federal overtime laws; (2) retaliated against plaintiff Donald Muhammad in violation of Mo. Rev. Stat. § 287.780 for filing a workers' compensation claim; (3) failed to pay plaintiffs overtime compensation pursuant to Mo. Rev. Stat. § 290.505(1); and (4) failed to pay plaintiffs a minimum rate of pay in violation of Mo. Rev. Stat. § 290.502.

11. Plaintiffs filed an amended petition in Muhammad II on July 9, 2007, which alleged that defendant (1) retaliated against plaintiff Donald Muhammad in violation of Mo. Rev. Stat. § 287.780 for filing a workers' compensation claim; (2) retaliated against plaintiffs in violation of the Missouri

Human Rights Act ("MHRA"), § 213.070, for plaintiffs' alleged whistle-blowing to the United States Department of Labor concerning non-compliance with federal overtime laws; and (3) discriminated against plaintiffs on the basis of their race, in violation of the MHRA, § 213.055.

12. Plaintiffs voluntarily dismissed Muhammad II without prejudice on December 31, 2008.

13. On January 14, 2009, plaintiffs filed the instant petition in the Circuit Court of the City of St. Louis, and the case was removed to this Court by defendant on February 13, 2009, on the basis of federal question and diversity jurisdiction. The petition alleges that defendant retaliated against plaintiffs for their alleged whistle-blowing to the United States Department of Labor concerning non-compliance with federal overtime laws, but does not specify the legal basis for the claims. No statutes are referenced in the petition.

**Discussion**

  A. <u>Fair Labor Standards Act Claims</u>

As stated above, defendant characterizes plaintiffs' current petition as containing only FLSA retaliation claims. In moving for summary judgment, defendant asserts that plaintiffs' claims for retaliation under the FLSA are time barred. Defendant states that under the FLSA, an action "to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages" must be "commenced within two years after the cause of action accrued "unless the action arises out of a "willful violation" and then it must be "commenced within three years after the cause of action accrued" or "such action shall be forever barred." 29 U.S.C.A. § 255(a) (West 2009). A cause of action to enforce the FLSA's anti-retaliation provision (29 U.S.C.A. § 215(a)(3)) is a cause of action for liquidated damages. See 29 U.S.C.A. § 216(b) (stating that "any employer who violates the provisions of section 215(a)(3) … shall be liable for such legal or equitable relief as may be

5

appropriate … including without limitation … the payment of wages lost and an additional equal amount as *liquidated damages*") (emphasis added).

Defendant states it is undisputed that the last acts of retaliation claimed by plaintiffs occurred in early December 2005, the last time plaintiffs worked for defendant, and this action was not filed until January 14, 2009. Defendants assert that even under the three-year limitations period applicable to willful violations, plaintiffs' suit is untimely because in order to be timely any claims plaintiffs have for FLSA retaliation must have accrued on or after January 15, 2006.

Plaintiffs respond first by attempting to obfuscate the nature of their petition, stating in part, "it is important to note that plaintiffs have not alleged that their claims have been brought under the Fair Labor Standards Act." Pls.' Mem. Opp. at 1. Plaintiffs acknowledge that § 215(a)(3) of the FLSA makes it unlawful for an employer to discriminate against an employee for exercising rights under the Act, but state they "have not specifically referenced those sections in their most recent petition." Id. at 2. Plaintiffs continue, "Rather, the petition simply states that the defendants retaliated against the plaintiffs for the plaintiffs' communications with the Department of Labor. Such allegations can give rise to a cause of action under the FLSA, as well as a wrongful discharge action under Missouri common law." Id.

Plaintiffs then implicitly admit they have asserted FLSA claims, by stating that their FLSA claims are timely filed within the two-year statute of limitations. Plaintiffs state that they first raised FLSA claims in the petition filed in March 2007, less than fifteen months after the claimed retaliation, and the statute was tolled during the pendency of the state court action (March 2007 to December 30, 2008), so when this action was filed in January 2009, less than sixteen months of the statutory period had run. In support of their tolling argument, plaintiffs cite Wirtz v. W.G. Lockhart Const.

6

Co., 230 F. Supp. 823 (N.D. Ohio 1964). Plaintiffs also assert that their FLSA claim is timely by virtue of the Missouri savings statute, Mo. Rev. Stat. § 516.230, which provided them a period of one year following the dismissal of their state court action to refile.

Plaintiffs state that their petition also contains claims for wrongful discharge in violation of public policy under Missouri common law, and contend that the five-year statute of limitations of Mo. Rev. Stat. § 516.120(4) applies to such an action. Plaintiffs state that their Missouri common law claim for wrongful discharge was brought within five years.

The Court does not appreciate plaintiffs' unsubtle effort to avoid stating the legal basis for their petition. A party may plead multiple claims for relief or plead claims in the alternative, but when faced with a dispositive motion a party must identify and acknowledge the nature of its claims. Nonetheless, the Court interprets plaintiffs' petition as asserting a claim for retaliation in violation of the FLSA and a state common law claim for wrongful discharge in violation of public policy. See Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1144-45 (E.D. Mo. 2007) (holding that an employee may maintain a FLSA claim for unlawful discharge in retaliation for complaints of FLSA violations and also a Missouri common law wrongful discharge claim).

To the extent plaintiffs' petition asserts an FLSA retaliation claim, the claim is untimely because the petition was filed more than three years after the last claimed acts of retaliation. See 29 U.S.C.A. § 255(a). Plaintiffs' attempted reliance on tolling and the Missouri savings statute does not save their time-barred FLSA claims.

As a threshold matter, contrary to plaintiffs' representation, the instant suit is the first time plaintiffs have asserted an FLSA retaliation claim against the defendant. Neither the complaint nor

the amended complaint in Muhammad II alleged a claim for FLSA retaliation, but rather asserted only state law claims.

Even if plaintiffs had asserted FLSA retaliation claims in Muhammad II, they voluntarily dismissed that action. "A dismissal without prejudice does not toll a statute of limitation." Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir.), cert. denied, 516 U.S. 944 (1995). "Indeed, its effect is just the opposite. Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed." Id. The tolling provision of Federal Rule of Civil Procedure 15(c), discussed in the Wirtz case cited by plaintiffs, is not applicable. Rule 15(c) contemplates only that an amended pleading may relate back to the time of the original pleading filed in the current matter in federal court. See 3 James Wm. Moore, et al., Moore's Federal Practice, § 15.19[1] (3d ed. 2009). Rule 15(c) does not authorize tolling or relation back where a case has been voluntarily dismissed and refiled.

The Missouri savings statute does not apply to plaintiffs' FLSA retaliation claims because the FLSA has its own limitations period in 29 U.S.C. § 255(a). "Missouri law is inapplicable on questions of estoppel and tolling in cases where a federal claim is at issue and there is a federal statute of limitations for that claim." Garfield, 57 F.3d at 665; Jessie v. Potter, 516 F.3d 709, 714 (8th Cir. 2008) ("[W]e have emphasized that state tolling standards are not applicable when there is a federal statute of limitations[.]"); Victor Foods, Inc. v. Crossroads Economic Dev. of St. Charles County, Inc., 977 F.2d 1224, 1227 (8th Cir.1992) ("state tolling and savings provisions do not apply when Congress has provided a federal statute of limitations for a federal claim"). Defendant is therefore entitled to summary judgment on plaintiffs' retaliation claims under the FLSA, as the claims are time barred.

B. <u>Common-Law Wrongful Discharge Claims</u>

Defendant denies that plaintiffs have asserted state common law wrongful discharge claims, but asserts that to the extent the petition is interpreted to include such claims, they are time barred. Defendant contends that the applicable statute of limitation is contained in Mo. Rev. Stat. § 516.140, which establishes a two-year limitation period for an "action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938." Defendant asserts that § 516.140 is applicable because plaintiffs are making claims "by virtue of" the FLSA, as plaintiffs would not have a claim for wrongful discharge but for the FLSA's provisions. Defendant cites no case law or other authority in support of its position.

Plaintiffs respond that their wrongful discharge claims are timely under the five-year limitation period of Mo. Rev. Stat. § 516.120(4). This section applies to "[a]n action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated." Plaintiffs similarly do not provide any case law or other authority to support their position.

Defendant counters that even if § 516.140 does not set the limitation period for plaintiffs' wrongful discharge claims, the five-year limitation period of § 516.120 urged by plaintiffs is not applicable, and instead the FLSA limitation period itself, 29 U.S.C. § 255(a), would apply. Defendant's argument is based on the rule of statutory construction that "in situations where the same subject matter is addressed in general terms in one statute and in specific terms in another, and there

9

is a 'necessary repugnancy' between statutes, the more specific statute controls over the more general." Robinson v. Health Midwest Dev. Group, 58 S.W.3d 519, 522 (Mo. 2001) (en banc). Defendant asserts that plaintiffs' claims are more specifically related to the FLSA, whether or not they are brought directly pursuant to that statute, so the more specific FLSA limitation period should apply.[1]

Finally, defendant asserts that the Missouri savings statute would not save plaintiffs' common law wrongful discharge claims because the savings statute applies "only where the cause of action in the second suit is the same cause of action alleged in the first suit." Foster v. Pettijohn, 213 S.W.2d 487, 490-91 (Mo. 1948). Defendant states that plaintiffs have never asserted a common law wrongful discharge claim against it until the instant suit, and therefore this suit does not allege the same cause of action as the voluntarily-dismissed state court suit.

Neither party cites any case law addressing the appropriate limitations period for a Missouri a common law wrongful discharge claim. In a case involving a claim for wrongful discharge in violation of public policy under Iowa law, the Eighth Circuit was required to predict whether the Iowa Supreme Court would apply a two-year statute of limitations for "injuries to the person," a two-year statute for wage claims, or a five-year statute for "all other actions not otherwise provided for." Vrban v. Deere & Co., 129 F.3d 1008, 1009 (8th Cir. 1997). The latter two statutes would be comparable to the statutory limitation periods relied on by the parties in this case.

---

[2]The Court notes that in Robinson, the Missouri Supreme Court applied this principle in the context of two Missouri statutes. Defendant has not cited a decision in which a court determined that a more specific federal statute of limitations should apply to a Missouri state law cause of action over a state statute of limitations.

The Eighth Circuit examined the Iowa Supreme Court's test for determining the applicable statute of limitations for a cause of action, which requires "look[ing] to the foundation of the action," which in turn requires "characterizing the actual nature of the action." Id. The Eighth Circuit determined that the Iowa Supreme Court had characterized wrongful discharge actions as akin to tortious interference with a business relationship, and applied the five-year "all other actions not otherwise provided for" statute of limitations to tortious interference claims. Id. at 1010. The Court therefore concluded that the five-year statute governed the wrongful discharge claim. Id. at 1011.

In moving for summary judgment, defendant has not attempted to articulate the Missouri Supreme Court's test for determining the appropriate statute of limitations for a cause of action, much less attempted to apply the test to a common law wrongful discharge claim. Instead, defendant has merely selected a statute and baldly asserted that it is controlling here. Defendant has therefore failed to establish as a matter of law that plaintiffs' wrongful discharge claim is time barred.

Moreover, the Court concludes that it need not determine which limitation period the Missouri Supreme Court would apply to a common law wrongful discharge claim in order to resolve the motion before it. Even if a two-year statute of limitations applied and plaintiffs' wrongful discharge claim was time barred, the claim would be saved by operation of the Missouri savings statute.

Missouri courts have addressed how courts are to determine whether, under the savings statute, the cause of action asserted in the second suit is the same as that asserted in the first, as required by Foster v. Pettijohn. The savings statute is remedial and should be liberally construed. Thomas v. Sterling Finance Co., 180 S.W.2d 788, 793 (Mo. App. 1944). For the statute to apply, the second suit must arise out of the same conduct, transaction or occurrence set forth in the first suit,

but the form, legal theory, or ultimate remedy of the two actions need not be identical, and the issue of defendant's notice is relevant:

> In determining whether the cause of action pleaded in the second suit is the same as that in the first, the same tests are applied as are used in determining whether a pleading is an amendment or a departure. Blackburn Motor Co., v. Litzinger, 417 S.W.2d 126, 129 (Mo. App. 1967). In deciding whether amendments relate back to pleadings, the relevant consideration is whether the amended pleading arises out "of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Rule 55.33(c); Koerper & Co. v. Unitel Intern., Inc., 739 S.W.2d 705, 706 (Mo. banc 1987). In Koerper, the Supreme Court noted that, "... a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford." Id. at 706.
>
> For a second action to come within the savings statute, it thus must embody the issues set forth in the original action. The subject matter must be the same, but it is not required that the form, legal theory, or ultimate remedy of the two actions be identical.
>
> "The important consideration is whether the gist of the action is the same in both instances so that the plaintiff's recovery in the first action would have barred his recovery in the second; and if this is so, it matters not that the new action may not be in the same form, or along the lines of the same theories, as the old one." Thomas v. Sterling Finance Co., 180 S.W.2d 788, 792 (Mo. App.1944).
>
> In addressing the scope of the savings statute, . . . Thomas noted that, "the statute, being highly remedial, should receive a liberal construction, and except in a case where the facts and circumstances plainly require, should not be interpreted in such a way as to defeat the beneficent purpose of its enactment." Id. at 793. Here, the underlying facts, circumstances and cause of action asserted against [defendant] in a derivative action would embody the very facts and issues set forth in the original action. The only difference on remand is that the recovery must go to the corporation for the reasons articulated above. [Defendant] has been a party to this litigation since its inception and is well aware of the basis for [plaintiffs'] claims. He can hardly claim prejudice or lack of notice simply because the cause of action submitted should have been brought in the name of the corporation.

Centerre Bank of Kansas City, N.A. v. Angle, 976 S.W.2d 608, 616-17 (Mo. Ct. App. 1998) (footnote omitted).

In this case, every version of plaintiffs' pleadings has arisen out of the "same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Mo. S. Ct. Rule 55.33(c). The subject matter of plaintiffs' petition removed to this Court is the same as the subject matter of the prior action, and the facts underlying the two petitions are identical. Only the legal theories of recovery differ. In Muhammad II, plaintiffs asserted state law statutory claims for wrongful discharge, and now assert common law claims for wrongful discharge. The Court concludes that for purposes of the Missouri savings statute, the cause of action asserted in this action is the same as that asserted in Muhammad II. Cf. Kulinski v. Medtronic Bio-Medicus, Inc., 143 F.3d 1117 (8th Cir. 1998) (holding under Minnesota savings statute that after plaintiff's ERISA judgment was reversed on appeal for lack of subject matter jurisdiction, plaintiff could bring a state law claim on the same facts under a breach of contract theory and be saved by operation of the Minnesota savings statute). In addition, defendant has been a party to this litigation since its inception and is fully aware of the basis for plaintiffs' claims and cannot claim prejudice or lack of notice based on the new theory of liability. See Centerre Bank, 976 S.W.2d at 617.

For these reasons, the Court concludes that plaintiffs' common law wrongful discharge claim, even if time barred, is saved by the savings statute. Defendant's motion for summary judgment based on the statute of limitations should therefore be denied as to this claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **GRANTED in part** and **DENIED in part**; said motion is **GRANTED** as to plaintiffs' claims under the Fair Labor Standards Act and **DENIED** as to plaintiffs' common law claims for wrongful discharge in violation of public policy. [Doc. 15]

An appropriate partial judgment will accompany this memorandum and order.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of September, 2009.