# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD MUHAMMAD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-247 CAS |
| | ) | |
| THE WILKINS GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on defendant The Wilkins Group, Inc.'s ("defendant") motion for summary judgment on plaintiffs' remaining common law wrongful discharge claims. Plaintiffs Donald Muhammad and Timothy Muhammad (collectively "plaintiffs") oppose the motion and it is fully briefed. For the following reasons, the motion will be denied.

**Background**

Plaintiffs were employed as cable technicians (installers) by defendant. Plaintiffs claim that defendant believed they reported defendant's alleged failure to pay overtime compensation to the United States Department of Labor, and that defendant retaliated against them by failing to provide them with access to a working vehicle to perform their job responsibilities, thus constructively discharging them.

**Summary Judgment Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004).

In reviewing a motion for summary judgment, this Court is required to view the facts in a light most favorable to the non-moving party and to give the non-moving party the benefit of any inferences that can logically be drawn from those facts. Matsushita, 475 U.S. at 587; Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). Moreover, this Court is required to resolve all conflicts

in favor of the non-moving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976).

**Discussion**

Plaintiffs' claims are based on the public policy exception to Missouri's at-will employment doctrine. Under the at-will employment doctrine, an employer can discharge an at-will employee at any time, with or without cause. Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859, 870-71 (Mo. Ct. App. 1985). The public policy exception to the at-will employment doctrine provides that "[a]n at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities." Fleshner v. Pepose Vision Institute, P.C., __ S.W.3d __, 2010 WL 444885, at *7 (Mo. Feb. 9, 2010) (en banc). "If an employer terminates an employee for either reason, then the employee has a cause of action in tort for wrongful discharge based on the public-policy exception." Id.

In order to prevail on a whistleblower claim, a plaintiff must prove that (1) he reported wrongdoing or violation of law to superiors or public authorities; (2) the defendant discharged the plaintiff; and (3) plaintiff's report of wrongdoing or violation of law was a contributing factor in defendant's decision to discharge him. See Pepose, id.; Grimes v. City of Tarkio, 246 S.W.3d 533, 536 (Mo. Ct. App. 2008), abrogated in part by Pepose, 2010 WL 444885, *9.

Defendant moves for summary judgment asserting that plaintiffs cannot prove any element of their prima facie case. The Court finds that genuine issues of material fact remain which preclude the entry of judgment.

3

With respect to the first element, a report of wrongdoing, defendant asserts it is entitled to judgment because plaintiffs admit they never reported defendant to the Department of Labor.[1] Plaintiffs testified, however, that defendant believed they reported it to the Department of Labor, and retaliated against them based on that belief. Plaintiff Donald Muhammad testified that defendant's Vice-President, Tomeka Herod, told him that he and his brother were having problems getting jobs and vehicles because they contacted the Department of Labor. Ms. Herod testified that she assured Donald Muhammad the company did not think he was responsible for reporting it to the Department of Labor, and that he was not being treated improperly as a result of the investigation. This is a factual dispute. None of the cases relied on by defendant address a situation where an employer was alleged to have mistakenly believed an employee was a whistleblower and retaliated based on that belief.[2] Defendant has not, therefore, established as a matter of law that plaintiffs

---

[1]Although defendant contends that the Petition alleges plaintiffs reported defendant to the Department of Labor, and the Court previously construed the Petition to make such an allegation, on careful reading, the Petition alleges that plaintiffs were "accused and chastised by Defendant's Vice President for contacting the Department of Labor to report company non-compliance of federal overtime laws." (Pet. at 2, ¶ 10). This paragraph can be read to state that plaintiffs were accused of reporting defendant, not that they actually did so. The next paragraph states, "As a result of his alleged whistle-blowing to the Department of Labor, Defendant did not let Plaintiff Donald Muhammad have access to a working vehicle . . . ." (Id., ¶ 11). This paragraph does not say that defendant's action occurred because of plaintiff's actual whistleblowing, but rather because of his "alleged" whistleblowing. Similarly, paragraph 16 of the Petition states, "As a result of the above-referenced retaliation, Defendant did willfully and wrongfully constructively discharge Plaintiff Donald Muhammad for his alleged whistle-blowing of Defendant to the Department of Labor." Similar allegations are contained in Count II with respect to plaintiff Timothy Muhammad. (See Pet. at 3, ¶¶ 18-19, 24).

[2]In fact, defendant states in its summary judgment memorandum, "The threshold element of a whistleblower claim hinges on whether the facts show that the employee actually made a report of suspected illegal conduct to proper authorities *or at least that the employer thought the employee had made a report*." Mem. Supp. Def.'s Mot. Summ. J. at 9 (emphasis added).

cannot be entitled to whistleblower protection based on defendant's mistaken belief that they reported it to the Department of Labor.

As to the second element, discharge, defendant contends that plaintiffs cannot establish discharge or constructive discharge because it is undisputed defendant had ample work for plaintiffs to do and operable vehicles available in December 2005 and January 2006, but plaintiffs merely stopped coming to work. Plaintiffs testified, however, that during this time period they would come to defendant's office "every day" to get a vehicle but were never given a vehicle, after a while defendant's employees told plaintiffs not to come to the office but rather to call each morning to see if a vehicle was available, plaintiffs called repeatedly but a vehicle was never available, and eventually plaintiffs were told by defendant's employees that they would be contacted if there was a vehicle available, but plaintiffs were never contacted. This testimony creates a fact dispute about whether plaintiffs were constructively discharged.

As to the third element, causation, defendant asserts that plaintiffs must show an exclusive causal connection between their discharge and their reporting of the violation, which requires the decisionmaker to have actually known of plaintiffs' report of the violation. After defendant's summary judgment motion was filed, the Missouri Supreme Court held that a wrongful discharge plaintiff need only show that his protected actions were a contributing factor to the defendant's decision to discharge him. Fleschner, 2010 WL 444855, at *9. The Court has found that fact issues exist regarding whether defendant believed the plaintiffs reported it to the Department of Labor, and whether defendant withheld vehicles from plaintiffs.

Finally, defendant's argument concerning plaintiffs' inability to establish lost income damages is not a basis for the entry of summary judgment. Defendant's argument that plaintiffs'

5

damages would be cut off as of the date defendant quit doing business in St. Louis is not supported by any citation to pertinent legal authority. Defendant's citation to <u>Heller v. Heritage Environment Services, Inc.</u>, 835 F. Supp. 1124, 1126-27 (E.D. Mo. 1993), is entirely inapposite. <u>Heller</u> granted partial summary judgment to the defendant on the plaintiff's emotional distress claim under Missouri law because plaintiff failed to establish that her emotional distress was medically diagnosable or medically significant. There is no emotional distress claim in this case and therefore <u>Heller</u> offers defendant no support.

For these reasons, defendant's motion for summary judgment should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **DENIED**. [Doc. 34]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of March, 2010.